**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**ORRICK WILSON,**
       **Plaintiff,**

vs.                                                                 Case No. 3:09cv310/RV/MD

**DR. ROGER BROWNE, et al.,**
       **Defendants.**

___

# O R D E R

On July 23, 2010 this court issued an order directing service upon the named defendants. (Doc. 16). The order directed the named defendants to respond to the second amended complaint, and to either identify the three Unknown Named defendants or explain what steps have been taken to ascertain their identities.

Defendant Nichols has responded to that order. (Doc. 33). Her counsel states that as to defendant Unknown Named Chief Medical Officer of South Bay Correctional Facility, this defendant may be one of four persons employed at South Bay during the relevant time period: Marc Tennenbaum, Lucey Valencia, Raul Hernandez, or Edward Kandam. Counsel states that at the time of the complaint and now, South Bay is a privatized facility operated by the GEO Group, Inc. Because these individuals were employees of the GEO Group, Inc. and not the Department of Corrections, the Office of the Attorney General ("AG") will not be representing him or her, or waiving service on his or her behalf. Moreover, the AG does not have access to the individuals' addresses, which are confidential. Plaintiff is advised that it is incumbent upon him to ascertain (perhaps from his medical records for the relevant time period) the identity of the individual so that he or she may be served. Because discovery is premature, plaintiff should attempt to accomplish this through an inmate request.

As to the Unknown Named Chief Health Officer of Charlotte Correctional Institution, counsel for defendant Nichols has identified this defendant as Dr. Robert Hemphill. (Doc. 33). Because Dr. Hemphill was employed by private contract health care providers at the time relevant to the complaint and those contracts have now lapsed, the AG can neither represent him nor waive service on his behalf. However, counsel indicates that Dr. Hemphill is now employed by the DOC at Charlotte Correctional Facility. The court will therefore direct the special process server at that institution to serve Dr. Hemphill.

As for the remaining Unknown Named defendant, the court's service order incorrectly stated that this defendant was the Chief Medical Officer of Union Correctional Institution. (Doc. 16). That is incorrect. This defendant was the Chief Medical Officer at Franklin Correctional Institution. (Doc. 9). Nevertheless, counsel for defendant Nichols has identified this defendant as Dr. Clifford Claude Adam. (Doc. 33). The AG states that Dr. Adam was employed by the DOC at the time relevant to the complaint, but is no longer a DOC employee. Therefore, the AG does not have authority to waive service on his behalf, and does not have access to Dr. Adam's address because it is confidential. Since plaintiff is currently incarcerated, it is unlikely that he will be able to obtain information as to the whereabouts of defendant Dr. Adam without engaging in discovery. Discovery, however, is premature and could lead to confidentiality problems under Florida law. The court will therefore direct the Office of the General Counsel for the Florida Department of Corrections to assist in the matter.

Accordingly, it is ORDERED:

1. The Clerk shall change the docket to reflect that Dr. Robert Hemphill has been substituted as defendant Unknown Named Chief Medical Officer of Charlotte Correctional Institution, and Dr. Clifford Claude Adam has been substituted as defendant Unknown Named Chief Medical Officer of Franklin Correctional Institution (incorrectly identified in this court's July 23, 2010 order as Chief Medical Officer of Union Correctional Institution).

2. Within **twenty-one (21) days** of the date of this order, plaintiff shall file with the court (and serve a copy upon defendants' counsel) a notice of which one of the four former Chief Medical Officers of South Bay Correctional Facility provided the allegedly inadequate

medical care. Plaintiff shall attempt to ascertain the identity and whereabouts of this defendant by submitting an inmate request for a copy of his medical records **for the period June and July of 2005**. Plaintiff's request should be accompanied by a copy of this Order. Plaintiff shall file a copy of said request with the court. Plaintiff's failure to comply with this order as instructed will result in a recommendation that his claims against defendant Unknown Chief Health Officer of South Bay Correctional Facility be dismissed.

      3. The Clerk shall issue summons for defendant Dr. Robert Hemphill, indicating that this defendant has sixty (60) days in which to file a response to the second amended complaint. The Clerk shall refer the summons to the United States Marshals Service, along with a copy of this order, a copy of the court's July 23, 2010 order (doc. 16), and a service copy of the second amended complaint (doc. 9).

      4. Pursuant to Rule 4(c), Federal Rules of Civil Procedure, **Deborah McDowell** is specially appointed to serve process upon defendant Dr. Robert Hemphill at **Charlotte Correctional Institution**. In the absence of **Deborah McDowell,** the specially appointed process server designated above, **Erika McDermott** is designated as an alternate server and shall comply with this order as though issued in her name.

      5. Within **twenty-eight (28) days** from the date of this order, the United States Marshal or a Deputy United States Marshal shall serve the summons, the copy of the second amended civil rights complaint, the copy of the court's July 23, 2010 order, and the copy of this order upon defendant Dr. Robert Hemphill. Service shall be accomplished by mailing these documents by regular mail to the above named special process server, who shall serve the second amended complaint. All costs of service shall be advanced by the United States.

      6. Within **fourteen (14) days** after receipt of the documents, the special process server shall **serve the complaint upon Dr. Robert Hemphill, complete** and **sign** the return of service, and **return** it to the <u>Clerk of Court</u> as proof of service. *Defendant Hemphill shall also sign the return of service as an acknowledgment of receipt of service.*

      7. The Clerk shall issue summons for Defendant Dr. Clifford Claude Adam, indicating that defendant Dr. Adam has 60 days in which to file a responsive pleading. The

Clerk shall send the summons, a copy of this order, a copy of the court's July 23, 2010 order (doc. 16), and a service copy of the second amended complaint (doc. 9) for defendant Adam to Perri Dale, Deputy General Counsel for the Florida Department of Corrections, 2601 Blairstone Road, Tallahassee, FL 32399-2500.

      8. The Office of the General Counsel for the Florida Department of Corrections shall have **forty-five (45) days** from the date of this order in which to either: (1) inform the United States Marshal in confidence of defendant Adam's address for service or (2) enter an appearance on defendant Adam's behalf, or (3) advise the court that neither alternative is possible. If defendant Adam's address is provided to the United States Marshal, the Office of the General Counsel shall simultaneously file a notice with the court advising that this has been done. In such event, the Deputy General Counsel shall also forward to the United States Marshal a copy of this order, the received summons, the copy of the court's July 23, 2010 order, and the service copy of the second amended complaint.

      9. Upon receipt of an address for defendant Dr. Adam, the United States Marshal shall attempt to personally serve the defendant according to Fed. R. Civ. P. 4(e). The United States Marshal shall protect the confidentiality of any address provided by the Department of Corrections as required by Florida law, and shall not disclose any such information on any document filed with the court.

      DONE AND ORDERED this 1st day of October, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**