IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ORRICK WILSON,
    Plaintiff,

vs.                                                Case No. 3:09cv310/RV/CJK

ROGER BROWNE, et al.,
    Defendants.

## **O R D E R**

This cause is before the court upon defendant Browne's motion for summary judgment (doc. 107), and a joint motion for summary judgment filed by defendants Browne and Hemphill (doc. 108). Before the court rules on the matter, plaintiff shall have an opportunity to respond.

In opposing the motions for summary judgment, plaintiff is the nonmoving party, and as plaintiff he is the party with the burden of proof. Summary judgment should be granted if the defendants show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The rule does not require the party seeking summary judgment to submit evidence *negating* the opposing party's claim, but instead to demonstrate that the Rule 56 standard is satisfied. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

If plaintiff files a response to the motions, such response should include affidavits and any other documents or materials required by FED. R. CIV. P. 56 and N.D. FLA. LOC. R. 56.1(A).[1]  Plaintiff is cautioned that he must dispute or contradict defendants' argument with evidence of a substantial nature as distinguished from legal conclusions.  Plaintiff cannot successfully defeat a motion for summary judgment with mere formal denials or general allegations that do not disclose the facts in detail and with precision, nor can he simply rely upon the pleadings.  A general denial unaccompanied by any evidentiary support will not suffice.  *See* FED. R. CIV. P. 56(e); *see e.g.*, *Courson v. McMillian*, 939 F.2d 1479 (11th Cir. 1991); *Hutton v. Strickland*, 919 F.2d 1531 (11th Cir. 1991).

Evidentiary material which is acceptable in opposition to a motion for summary judgment includes sworn affidavits or other sworn documentary or other evidence indicating the existence of a genuine issue of material fact.  FED. R. CIV. P. 56(c)(1).  Affidavits must be based on personal knowledge, setting forth such facts as would be admissible into evidence and affirmatively showing that the affiant is competent to testify to the matters stated therein.  FED. R. CIV. P. 56(c)(4).  If plaintiff is unable to present, by affidavit or other evidence, facts essential to justify his opposition to

---

[1] Rule 56.1 provides: "Any motion for summary judgment filed pursuant to Fed.R.Civ.P. 56 . . . shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried.  Failure to submit such a statement constitutes grounds for denial of the motion." N.D. Fla. Loc. R. 56.1(A).  The Rule further requires: "The party opposing a motion for summary judgment shall, in addition to other papers or matters permitted by the rules, file and serve a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried. . . .  All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be filed and served by the opposing party." *Id.*

defendants' motions, then plaintiff must file a sworn statement as to why he is unable to do so.  FED. R. CIV. P. 56(d).

Materials submitted on a motion for summary judgment are viewed in the light most favorable to the party opposing the motion (plaintiff), but unreasonable and speculative inferences will not be drawn from the materials.  *Tyler v. Vickery*, 517 F.2d 1089 (5th Cir. 1975).  Evidence filed by the defendants in support of their motions may be accepted as true by the court if plaintiff does not file contrary evidence in the form of sworn affidavits or other materials in compliance with Rule 56.  FED. R. CIV. P. 56(e)(2); *Brown v. Shinbaum*, 828 F.2d 707 (11th Cir. 1987).

Only those pleadings and evidentiary materials currently in the record or filed in accordance with this order will be considered by the court in ruling on defendants' motions.  A motion for summary judgment will result in a final judgment without a full trial or any further proceeding, if the pleadings, sworn affidavits, and other appropriate evidentiary materials in the record show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  *Celotex*, *supra*; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Accordingly, it is ORDERED:

1. On August 29, 2011 (the "submission date"), the motions for summary judgment will be deemed submitted on the motions, the pleadings, and the evidentiary materials filed in this case.  On or at any time after this submission date, the court

shall consider the motions for summary judgment and may resolve the motions and this case without an evidentiary hearing.[2]

2. On or before the submission date, plaintiff may file a response to the motions for summary judgment. Plaintiff should be careful to insure that the response, if any, complies with the provisions of Rule 56 of the Federal Rules of Civil Procedure, and Rule 56.1 of this Court's Local Rules. Failure to follow the requirements of these rules may result in the motions being granted and final judgment being entered in favor of the moving parties without there being an evidentiary hearing or trial.

3. Any documents or evidence filed after the submission date will not be considered by the court, absent exceptional circumstances.

DONE AND ORDERED this 28th day of July, 2011.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]This submission is without oral argument. If the court determines that oral argument on the motion is required, a date for the argument will be scheduled later.

*Case No: 3:09cv310/RV/CJK*