IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ORRICK WILSON,
    Plaintiff,

vs.                                    Case No. 3:09cv310/RV/CJK

DR. ROGER BROWNE, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

This case filed pursuant to 42 U.S.C. § 1983 is before the court upon defendant Adam's motion to dismiss filed on January 14, 2011. (Doc. 58).[1] Plaintiff has responded in opposition to the motion. (Doc. 63). Upon review of the record and relevant legal authorities, the undersigned recommends that plaintiff's individual capacity claims against defendant Adam be dismissed for failure to state a claim upon which relief may be granted, and that plaintiff's official capacity claims against this defendant be dismissed as redundant.

## BACKGROUND AND PROCEDURAL HISTORY

This civil rights case involves claims that prison officials were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment. Plaintiff, proceeding *pro se*, is an inmate of the Florida penal system currently confined at Polk Correctional Institution. His second amended complaint names six defendants, who have been identified as follows: Dr. Roger Browne, Dr. Nguyen,

---

[1]Defendants Browne, Hemphill, Nguyen and Nichols recently filed motions for summary judgment. (Docs. 107, 108, 118). This Report and Recommendation addresses only defendant Adam's motion to dismiss.

ARNP M. Nichols, Dr. Robert Hemphill, Dr. Clifford Claude Adam and Dr. Marc Tennebaum. (Doc. 9, p. 1; Doc. 35; Doc. 45). The parties agree that at all times relevant to this lawsuit, defendant Adam was employed with the Florida Department of Corrections ("FDOC") as Chief Medical Officer ("CMO") of Franklin Correctional Institution. (Doc. 9, p. 1, Doc. 58, pp. 1-2).

Defendant Adam moves to dismiss plaintiff's complaint on four grounds: (1) plaintiff's individual capacity claims against Dr. Adam fail to state a claim upon which relief may be granted, (2) plaintiff's official capacity claims against Dr. Adam are barred by the Eleventh Amendment, (3) plaintiff's claims for compensatory or punitive damages against Dr. Adam are barred by 42 U.S.C. § 1997e(e), and (4) plaintiff's request for injunctive relief against Dr. Adam is improper. (Doc. 58). Plaintiff's response does not address these arguments, but merely seeks the Court's consideration of additional factual allegations against Dr. Adam. (Doc. 63).

## MOTION TO DISMISS STANDARD

On a motion to dismiss for failure to state a claim, the court accepts a complaint's well pleaded allegations as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, however, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2008). Further, only <u>well pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th Cir.

1980);[2] *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted). "[A]ny conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." *Weissman v. Nat'l Ass'n of Sec. Dealers*, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing *Associated Builders, Inc.*, 505 F.2d at 99); *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010) ("A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth – legal conclusions must be supported by factual allegations.").

As the Supreme Court reiterated in *Ashcroft v. Iqbal*, 556 U.S. —, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* The well-pled allegations must nudge the claim "across the line from

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

conceivable to plausible." *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974.

ALLEGATIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff alleges he suffered a "severe head injury" on June 22, 2005, while housed at South Bay Correctional Facility. (Doc. 9, p. 5). He was treated by medical staff with seven stitches. He received no X-ray, MRI or "neurological exam." (*Id.*). His complaints of headaches and dizziness were diagnosed as "normal," and he was prescribed ibuprofen. (*Id.*). In August of 2005, plaintiff was transferred to Charlotte Correctional Institution ("Charlotte CI"). The CMO of that institution again prescribed ibuprofen. (*Id.*). In September of 2006, plaintiff was transferred to Everglades Correctional Institution. (*Id.*). After losing consciousness while jogging, plaintiff was seen by a doctor, diagnosed as suffering from "post-traumatic/post-concussion syndrome" for which there was no treatment, and advised to obtain Tylenol from his dorm officer as needed for symptomatic treatment. (*Id.*, p. 6). In December of 2006, plaintiff was transferred back to Charlotte CI. There, plaintiff received an X-ray and an EKG, and was prescribed ibuprofen. (*Id.*). Plaintiff does not describe the results of the X-ray or EKG. Thereafter, plaintiff was transferred to Franklin CI, the institution where defendant Dr. Adam was employed. As to his treatment there, plaintiff alleges:

> At Franklin C.I. w[h]ere he [plaintiff] was transferred he was seen and diagnosed by their Doctor as suffering from "Arthritis" and denied a neurological exam and continued on Ibuprofen. Thus, the actions of the Staff Doctor/Chief Medical Officer were deliberately indifferent to Plaintiff's serious medical needs.

(*Id.*). In June of 2008, plaintiff was transferred to Union Correctional Institution. (*Id.*). Plaintiff goes on to describe his treatment at subsequent institutions, none of which relates to Dr. Adam. Claiming violation of his Eighth Amendment rights,

plaintiff asserts: "As a direct result of Defendant's blatant refusal to conduct a neurological exam, and subsequent treatment he [plaintiff] now suffers from:  1) Severe headaches and dizzy spells; 2) Visible twitching of nerves; 3) Numbness in both hands and arms; 4) Numbness of entire left side of body; and 5) loss of 50% of his previous dexterity, mobility and motor skills." (*Id*., p. 7).  As relief, plaintiff seeks compensatory and punitive damages and "an examination and treatment forthwith by a Neurologist." (*Id*.).

ANALYSIS

Individual Capacity Claims

To prevail on an Eighth Amendment deprivation of medical care claim, a prisoner must prove three elements.  First, "an objectively serious medical need," so grave that, "if left unattended, poses a substantial risk of serious harm." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (internal quotation marks, alterations and citations omitted).  "[A] serious medical need is . . . one . . . diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal quotation marks omitted).

The second element requires "a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish." *Taylor*, 221 F.3d at 1258.  "To show the required subjective intent to punish, a plaintiff must demonstrate that the public official acted with an attitude of 'deliberate indifference.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976)).  Deliberate indifference is not established "unless the official knows of and disregards an excessive risk to inmate health or safety; the

official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d 56 (1994). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Farmer*, 511 U.S. at 842, 114 S. Ct. at 1983. Disregard of the risk is also a question of fact that can be shown by standard methods. *Id.* at 846, 114 S. Ct. at 1983.

Obviously, a complete denial of readily available treatment for a known serious medical condition violates the Constitution. *Harris v. Coweta Cnty.*, 21 F.3d 388, 393 (11th Cir. 1994). Also, medical treatment can be so slight as to amount to no treatment at all. Therefore, the mere fact that treatment was provided does not end the inquiry. *See Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) ("[G]rossly incompetent medical care or choice of an easier but less efficacious course of treatment can constitute deliberate indifference."); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) ("Medical treatment that is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness violates the eighth amendment."). In order to prevail, however, the prisoner must prove that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain" and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor*, at 1258. Plaintiff must show that the challenged conduct was "very unreasonable in light of a known risk" of harm or suffering. *Hardin v. Hayes*, 52 F.3d 934, 939 (11th Cir. 1995) (citing *Farmer*, 114 S.

Ct. at 1978-79). Disputes regarding the level of treatment or the existence of other treatment options do not alone evidence cruel and unusual punishment. *Estelle*, 429 U.S. at 107, 97 S. Ct. at 292; *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985). Where the inmate has received medical attention, and the dispute is over the adequacy of that attention, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991) (quoting *Waldrop v. Evans*, 871 F.2d at 1035); *see also Woody v. Cronic*, 401 Fed. Appx. 509, 512 (11th Cir. 2010) (unpublished opinion) ("Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference."). A difference of opinion over matters of medical judgment does not give rise to a constitutional claim. *Harris*, 941 F.2d at 1505; *Waldrop* at 1033; *Murrell v. Bennett*, 615 F.2d 306, 310 n. 4 (5th Cir. 1980).

For the final element of an Eighth Amendment claim, a plaintiff must show the officials' deliberate indifference caused the plaintiff's injury. *Taylor*, at 1258; *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009) (reiterating the elements of an Eighth Amendment claim).

Here, plaintiff's allegations do not plausibly suggest Dr. Adam acted with an attitude of deliberate indifference. Plaintiff does not allege what defendant Adam knew about plaintiff's injury or medical condition at the time he provided treatment. Plaintiff states he was "seen and diagnosed" by Adam, but plaintiff fails to identify what information plaintiff provided during that meeting. Nor does plaintiff indicate what information was provided in his medical chart. Even assuming to plaintiff's benefit that the head injury and the previous doctors' diagnoses and treatments were

noted in plaintiff's medical file and therefore within Dr. Adam's knowledge, that information does not reasonably support an inference that Dr. Adam knew he was subjecting plaintiff to a substantial risk of serious harm by continuing plaintiff on ibuprofen and declining to refer him to a neurologist. Nor do plaintiff's allegations plausibly support a conclusion that Dr. Adam's diagnosis and treatment was grossly incompetent.

In response to the motion to dismiss, plaintiff does not dispute that the allegations of his second amended complaint fail to sufficiently state a claim for relief against defendant Adam. (Doc. 63). Plaintiff merely attempts to overcome his pleading deficiency by alleging additional facts against Dr. Adam and referencing evidence outside the pleadings. (*Id*., pp. 1-2). He then asks the Court to require Dr. Adam to "stand up for his part in not getting the plaintiff proper medical attention." (*Id*., p. 2). In ruling on Dr. Adam's motion to dismiss, however, the Court is confined to plaintiff's second amended complaint. Plaintiff's response or "Answer" to the motion is not a superseding amended complaint. *See, e.g., Kermanj v. Goldstein*, 401 F. App'x 458, 460 n. 3 (11th Cir. 2010) (district court did not err in declining to consider, as part of plaintiff's complaint, allegations contained in plaintiff's response to defendants' motion to strike the complaint). Therefore, the additional allegations contained in plaintiff's response will not be considered.

In conclusion, despite the liberal pleading standards and the leniency granted to *pro se* litigants, plaintiff's second amended complaint fails to provide sufficient factual allegations to survive defendant Adam's motion to dismiss. Therefore, plaintiff's individual capacity claims against defendant Dr. Adam (including his requests for damages and injunctive relief) should be dismissed for failure to state a

claim upon which relief may be granted.

Official Capacity Claims

Plaintiff does not state, and his allegations do not indicate, whether he is suing the defendants in their official capacities. To the extent plaintiff <u>may</u> be suing the defendants in their official capacities, plaintiff's official capacity claims against Defendant Adam should be dismissed, because they are redundant and duplicative of plaintiff's official capacity claims against the remaining defendants. There is no need for two (or more) equivalent defendants; one will do. *See, e.g., Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (approving dismissal of official capacity defendants whose presence was merely redundant to naming of institutional defendant). The only difference between *Busby* and the case at bar is that here the plaintiff names only officials, not the State of Florida. But this is a distinction without a difference. The remaining defendants' dispositive motions address plaintiff's official capacity claims. Therefore, plaintiff's official capacity claims against defendant Dr. Adam will be dismissed without prejudice subject to their consideration on the remaining defendants' motions.

Accordingly, it is respectfully RECOMMENDED:

1. That defendant Adam's motion to dismiss (doc. 58) be GRANTED to the following extent:

    a.    Plaintiff's individual capacity claims against defendant Dr. Adam be DISMISSED for failure to state a claim upon which relief may be granted.

    b.    Plaintiff's official capacity claims against defendant Dr. Adam be DISMISSED WITHOUT PREJUDICE as redundant.

2.  That this case be referred to the undersigned for further proceedings on plaintiff's claims against the remaining defendants.

At Pensacola, Florida this 25th day of August, 2011.

*/s/ Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).